IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| A.K.W., A MINOR, BY AND THROUGH HIS MOTHER, SHERI STEWART | § § § § | PLAINTIFF |
| v. | § § | Civil Action No. 1:09cv703-HSO-JMR |
| EASTON-BELL SPORTS, INC., et al. | § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion for Summary Judgment [111] of Easton-Bell Sports, Inc., Easton Sports, Inc., Bell Sports Corp., Riddell Sports Group, Inc., Easton-Bell Sports, LLC, Bell Sports, Inc., EB Sports Corp., and RBG Holding Corp., filed on November 22, 2010, in the above captioned case. Defendants Riddell, Inc., and All American Sports Corporation did not join in this Motion. Plaintiff filed a Response [119], and Defendants a Rebuttal [122]. After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion should be granted, and that all claims raised against these Defendants should be dismissed with prejudice.

I. BACKGROUND

Plaintiff Sheri Stewart filed her Complaint on behalf of her minor son, A.K.W., in the Circuit Court of George County, Mississippi, on September 11, 2009, raising state law claims against Defendants Easton-Bell Sports, Inc., Easton-Bell Sports, LLC, Riddell Sports Group, Inc., Riddell, Inc., Easton Sports, Inc., RBG Holdings Corp., Bell Sports, Inc., EB Sports Corp., All American Sports Corporation, Bell

Sports Corp., and Unknown Defendants XYZ, for injuries allegedly sustained by A.K.W. due to a Riddell football helmet he was wearing while participating in a school sponsored ninth grade football practice.  Pl.'s Compl., attached to Defs.' Not. of Removal [1].  Defendants removed the case to this Court on October 2, 2009, asserting that the parties were diverse and that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, such that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Not. of Removal [1].

Defendants, other than Riddell, Inc., and All American Sports Corporation, now move for summary judgment on grounds that Plaintiff cannot establish her case against them as a matter of law.  Plaintiff does not dispute that dismissal of these Defendants is appropriate, but argues only that such dismissal should be without prejudice.

## II.  DISCUSSION

A.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," it is important to remember that only those disputes of fact which might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142, 149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *Gaddis v. Smith & Nephew, Inc.,* 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

Because the Court's jurisdiction in this case is premised upon diversity of citizenship, the Court must apply state substantive law. *Erie R. Co. v. Tompkins*, 304

U.S. 64, 79-80 (1938); *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

B.     Motion for Summary Judgment

The Mississippi Products Liability Act (MPLA), MISS. CODE ANN. § 11-1-63, provides that any lawsuit for alleged damages caused by a product should be filed against the "manufacturer or seller of the product." MISS. CODE ANN. § 11-1-63. Defendants have produced competent summary judgment evidence in support of their position that they neither manufacture nor sell football helmets. Ide Dep. at pp. 24-31, attached as Ex. "C" to Defs.' Mot.

In response, Plaintiff neither counters with contrary summary judgment evidence, nor disputes that dismissal of these Defendants is appropriate based on the present record. Plaintiff represents that she "is unaware of any wrongful action on the part of the above identified Defendants and relies on the Defendants' assertions of being improper parties," Pl.'s Resp. at p. 2, yet contends that dismissing "Defendants with prejudice could result in Plaintiff having no recourse in the event evidence at trial shows involvement," *id*. Plaintiff requests that the Court reserve ruling on the Motion until evidence is presented at trial, or alternatively, that it dismiss these Defendants without prejudice so Plaintiff may bring a dismissed Defendant back into

the suit if evidence eventually comes to light showing wrongful conduct. *Id.*

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Discovery in this matter closed on November 15, 2010. The Court is of the opinion that Defendants have carried their summary judgment burden on Plaintiff's claims against them. Plaintiff has not, by affidavit or otherwise, informed the Court of specific facts showing that there is a genuine issue for trial as to these Defendants. Defendants are therefore entitled to judgment as a matter of law and should be dismissed from this action with prejudice.

Moreover, the Court is of the opinion that a dismissal without prejudice at this late stage, and under the circumstances present here, would unfairly prejudice Defendants. *See, e.g., Young v. Fred's Super Dollar Stores of Tennessee, Inc.*, 1997 WL 786762, at *1-2 (N.D. Miss. 1997) (denying plaintiff's voluntary motion to dismiss without prejudice on grounds that defendant would be unfairly prejudiced if it were subjected to later litigation since it had expended time, money and effort in preparing the case, and discovery had been completed, and granting defendant's motion for summary judgment on grounds that plaintiff was unable to discharge her summary judgment burden with any evidence in support of her position). Here, Plaintiff has had an adequate opportunity to conduct discovery regarding any potential liability of these Defendants, and has not adduced any proof to withstand summary judgment.

### III.  CONCLUSION

Based upon the foregoing, the Court is of the opinion that Defendants' Motion for Summary Judgment should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [111] of Easton Bell Sports, Inc., Easton Sports, Inc., Bell Sports Corp., Riddell Sports Group, Inc., Easton-Bell Sports, LLC, Bell Sports, Inc., EB Sports Corp., and RBG Holding Corp., filed on November 22, 2010, in the above captioned case, should be and hereby is **GRANTED**, and Plaintiff's claims against these Defendants are dismissed with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case will proceed against Defendants Riddell, Inc., and All American Sports Corporation.

**SO ORDERED AND ADJUDGED**, this the 9th day of March, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE