IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

A.K.W., a minor, by and through
his mother, SHERI STEWART                                             PLAINTIFF

vs.                                                Cause No.: 1:09cv703 HSO-JMR

EASTON-BELL SPORTS, INC.,
EASTON SPORTS, INC., BELL SPORTS
CORP., RIDDELL SPORTS GROUP, INC.,
EASTON-BELL SPORTS, LLC, RIDDELL, INC.,
BELL SPORTS, INC., EB SPORTS CORP., ALL
AMERICAN SPORTS CORPORATION,
RBG HOLDING CORP., and UNKNOWN
DEFENDANTS X, Y AND Z                                                 DEFENDANTS

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO RENEW PREVIOUSLY FILED MOTIONS**

COMES NOW Plaintiff, A.K.W., A Minor By and Through His Natural Guardian, Sheri Stewart, and submits his Response to Defendants' Motion to Renew Previously Filed Motions, and in support thereof would show unto the Court the following:

**I.     Introduction and History**

Following ninth grade football practice, A.K.W. collapsed. He was brought to the University of South Alabama Medical Center. A.K.W. suffered a dissected carotid artery, stroke, and is partially paralyzed due to the injury.

This action was filed on or about September 11, 2009. The claim related to this motion is that Riddell's helmet was defectively designed and did not properly protect A.K.W.'s head, and the defectively designed Riddell helmet proximately or directly caused A.K.W.'s injuries.

On or about March 23, 2011, this Court granted Defendants' Motion for Summary Judgment [Document No. 104]. The Court entered both its Memorandum Opinion and Order [Document No.

130] and Final Judgment [Document No. 131], on that same date. Plaintiff appealed, and on October 18, 2011, the Fifth Circuit reversed the grant of summary judgment in an unpublished opinion.

### II.     Motion to Exclude Plaintiff's Expert

Prior to the final judgment and appeal, Defendants filed two motions. First, the Motion for Summary Judgment [Document No. 104], and second, a motion to exclude Plaintiff's expert [Document No. 106]. This court ruled on the motion for summary judgment and denied all other pending motions as moot. [Document No. 130]. While not directly ruled on by this or the appellate court, Plaintiff's expert, and the issues raised in Defendants' motion to exclude were before both courts through Defendants' summary judgment arguments.

#### A.     March 23, 2011, District Court Order

The issue addressed by this Court in its March 23, 2011, Memorandum and Order [Document No. 130], was the plaintiff's ability to make his prima facie case. In reviewing the facts, the Court also addressed the Plaintiff's expert's opinions. Specifically, the Court considered the reliability of the opinions due to the absence of the helmet [Document No. 130, page 8], expert testimony regarding probability opposed to possibility that the helmet caused the injury [Document No. 130, page 9], and whether the expert opined properly if a different helmet would have prevented the injury [Document No. 130, page 9]. The Court also considered the "guessing" statement which has been relied on by the Defendants as grounds for challenging the expert. Accordingly, while not directly addressing the motion to exclude, the Court of Appeals did address the issue of the expert's qualifications, reliability, and his opinions.

#### B.     October 18, 2011, Fifth Circuit Opinion

Because the reliability of the expert's opinion was attacked in Defendants' motion for summary judgment, it was before the Fifth Circuit on appeal. Further, in Defendants' memorandum brief on appeal, the Defendants relied heavily on their arguments that Plaintiff's expert was

unreliable, unqualified, and failed to offer proper expert opinions. In response to these issues, the Fifth Circuit stated in a footnote:

> Appellees urge that Appellant cannot prove that Engin's design alternative could have to a "reasonable probability prevented the harm" because Engin failed to test his alternative design. ***Engin relied on his expertise in the field and force models of how different padding systems would have distributed the force. Failure to conduct testing of the alternative design goes to the weight that should be afforded to Engin's opinions but is not fatal to Appellant's prima facie case***. *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 992 (5th Cir. 1997) ("This is not to say that alternative product designs must always be tested by a plaintiff's expert.").

[Document No. 142, page 6, fn. 1 (emphasis added)].

With regard to the Defendants' arguments of probability and "guessing", the Court of Appeals found:

> Engin opines in his report "within a reasonable degree of engineering and bioengineering certainty" that the discrete padding "localized the impact force on the scalp and skull and contributed to the basilar skull fracture," which combined with other forces on A.K.W.'s head "caused dissection injury of the right internal carotid artery at the base of the skull." Appellees point to a part of Engin's deposition where he was pressed about his conclusion that, Appellees argue, undercuts Engin's report.
>
> Q: ". . . you're not saying that [A.K.W.] would not have been inured [sic] if [A.K.W.'s helmet] had [TPU continuous [sic] padding] put in place."
> A: " . . . "it's very difficult to make that judgment because I'm scientist. You know. I don't want to guess here."
>
> We are not persuaded that this brief exchange is enough to undercut Engin's consistent opinion that A.K.W.'s injury would have been prevented or lessened by TPU continuous padding.

[Document no. 141, page 7].

While the Court did not consider Defendants' motion to exclude, it did look to the expert's qualifications and opinions. In doing so, the Court determined that Plaintiff's expert was experienced and offered reliable opinions, and the Court relied on his expert opinions in its ruling. The weight to be given to those opinions must be left to the jury, but the reliability of his opinion has been addressed by the appellate court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, A.K.W., A Minor By and Through His Natural Guardian, Sheri Stewart, prays that the Court deny Defendants' Motion to Renew Previously Filed Motions, or in the alternative that the Court conduct a hearing on Defendants' previously filed Motion to Exclude before ruling on that motion.

Respectfully submitted this the 15TH day of December, 2011.

**A.K.W. , A MINOR, BY AND THROUGH HIS NATURAL GUARDIAN,  SHERI STEWART, Plaintiff**

 **/s/ PRESTON D. GOFF_____**
**WILLIAM LEE GUICE III**
**Mississippi Bar #5059**
**PRESTON D. GOFF**
**Mississippi Bar # 103318**
**RUSHING & GUICE, P.L.L.C.**
**Post Office Box 1925**
**Biloxi, MS 39533-1925**
**Telephone: 228-374-2313**
**Fax: 228-875-5987**
**bguice@rushingguice.com**
**swells@rushingguice.com**
**pgoff@rushingguice.com**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing was filed electronically.  Notice of this filing was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

  This the 15TH day of December, 2011.

                 /s/ PRESTON D. GOFF
                 Preston D. Goff
                 Mississippi Bar # 103318
                 RUSHING & GUICE, P.L.L.C.
                 Post Office Box 1925
                 Biloxi, MS 39533-1925
                 Telephone: 228-374-2313
                 Fax: 228-875-5987
                 pgoff@rushingguice.com