**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| A.K.W. , A MINOR, <br> BY AND THROUGH HIS MOTHER, <br> SHERI STEWART | **PLAINTIFF** |
| VS. | **NO. 1:09cv703 HSO-JMR** |
| EASTON-BELL SPORTS, INC., <br> EASTON SPORTS, INC., BELL SPORTS <br> CORP., RIDDELL SPORTS GROUP, INC., <br> EASTON-BELL SPORTS, LLC, RIDDELL, INC., <br> BELL SPORTS, INC., EB SPORTS CORP., <br> ALL AMERICAN SPORTS CORPORATION, <br> RBG HOLDING CORP., and UNKNOWN <br> DEFENDANTS, X, Y AND Z | **DEFENDANTS** |

**MOTION TO REOPEN DISCOVERY ON REMAND**

COMES NOW, Plaintiff, A.K.W., A Minor By and Through His Mother, Sheri Stewart ("AKW"), by and through its attorneys, Rushing & Guice, P.L.L.C. and files this its Motion to Reopen Discovery on Remand, and in support thereof would show unto the Court the following:

**I.     Introduction and History**

Following ninth grade football practice, A.K.W. collapsed. He was brought to the University of South Alabama Medical Center. A.K.W. suffered a dissected carotid artery, stroke, and is partially paralyzed due to the injury.

This action was filed on or about September 11, 2009. The basic claim is that Riddell's helmet was defectively designed and did not properly protect A.K.W.'s head, and the defectively designed Riddell helmet proximately or directly caused A.K.W.'s injuries.

On or about March 23, 2011, this Court granted Defendants' Motion for Summary Judgment [Document No. 104]. The Court entered both its Memorandum Opinion and Order [Document No.

Page 1 of 6

130] and Final Judgment [Document No. 131], on that same date. AKW appealed, and on October 18, 2011, the Fifth Circuit reversed the grant of summary judgment and remanded the case.

Prior to the grant of summary judgment, the Defendants had also filed a motion seeking to exclude AKW's expert. [Document No. 106]. This motion was denied as moot when this court granted summary judgment. [See Document No. 131]. On remand, the Defendants have requested that their motion be reconsidered and that summary judgment be granted if AKW's expert is excluded. [Document No. 144]  This court has ordered that Defendants will be allowed to file motions attacking AKW's expert and that deadlines for such will be set at the case management conference. [Document No. 149]. The order did not indicate what other deadlines will be addressed at that time. [See Document No. 149].

Approximately ten months have passed since this case was decided by the district court, and discovery in this case closed over one year ago, on November 15, 2010 [See Document No. 89]. During that time period, several studies have come to AKW's attention regarding helmet safety, and additional discovery is necessary to determine what information the Defendants may have had with regard to those studies. Further, AKW's expert last supplemented his opinion on November 29, 2010 [Document No. 115], and should be provided an opportunity to review and supplement his report before any challenges to the expert are considered.

### III.   Reopening Discovery

This court has already ordered that Defendants' motions shall be reconsidered and dates for filing motions to challenge AKW's expert shall be set at the telephonic conference on Wednesday, January 18, 2012. Accordingly, AKW requests this court order discovery reopened so it may investigate recent studies regarding the safety of football helmets and allow supplementation of

experts.

"Whether to reopen discovery on remand is a matter within the discretion of the District Court." *Forest Group, Inc. v. Bon Tool Co.*, CIVA H-05-4127, 2010 WL 1708433 (S.D. Tex. Apr. 27, 2010) (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460 (1943)).  The district court's discretion "extends on remand to all areas not covered by the higher court's mandate."  *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Company*, 195 F.3d 765, 775 (5th Cir. 1999) (quoting *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1449 (10th Cir. 1993)).  Due to the amount of time that has passed since discovery occurred in this case, AKW requests the court allow discovery to be reopened prior to any determinations on Defendants' motion to exclude or for summary judgment.

First, several studies have recently been published addressing the safety of youth football helmets.  This includes a new helmet recently developed by the University of Southern Mississippi, as well as a published study indicating that "modern" helmets may provide no more protection than old leather helmets.[1]  As the court has not yet ordered discovery reopened, AKW has not been able to present these studies to his expert for review to supplement the expert report.  AKW has also been unable to determine what information the Defendants may have on such studies.

Second, it appears Riddell has changed its helmet design.  AKW has no information on any

---

[1] Information on the helmet designed by the University of Southern Mississippi is available at:
http://www.usm.edu/news/article/southern-miss-develops-technology-used-nfl-college-football-helmets
Article comparing leather to modern helmets published in the online issue of the Journal of Neurosurgery and is available at:
http://www.foxsportsohio.com/11/15/11/Clinic-study-gives-props-to-old-leather-/landing.html?blockID=604972

redesign. It is assumed that if Riddell has changed its design it also tested the new design. AKW does not have information on such testing which may shed light on the capabilities of the helmets relevant to this case. As such, discovery should be reopened and any new information supplemented by the Defendants so the same may be investigated by AKW and submitted to his expert for review.

Third, based in part on all of the above, and the fact that Defendants are seeking to renew their challenge to AKW's expert, discovery should be reopened to allow AKW's expert to examine any new information gained. As this matter has been appealed and remanded, and no further review has been made by the expert in over one year, the expert report should be reviewed and supplemented.

Accordingly, due to the Defendants' moving, and being allowed, to renew their motion to exclude and for summary judgment, this court should allow further discovery and expert supplementation. Without additional discovery, it is not possible for AKW to explore the newly published studies, determine what information Defendants had regarding those studies, what testing was done regarding any helmet redesign by the Defendants, or submit any of the above to his expert.

**IV.     Conclusion**

This matter was appealed and no further action has been taken while the appeal was pending. During this period various studies have come to AKW's attention and Riddell appears to have remodeled its helmets. AKW should be allowed to discover what information Riddell may have regarding any studies which were being conducted during this litigation, any testing done on new or old models of Riddell helmets, and AKW should be granted time to allow his expert to review any new materials and supplement his report. Defendants have moved to renew their motion to exclude AKW's expert, and due to the period of time which has passed since AKW's expert filed

his initial report, the expert should be allowed to review and supplement the report if necessary.

As this court has indicated that deadlines for motions will be set at the case management conference, AKW requests the court reopen discovery and set deadlines for such discovery and for supplementation of experts.

The relief requested is fully addressed in this motion, is within the discretion of the court, and may be addressed at the case management conference; therefore, AKW requests the court waive the requirement of filing a memorandum in support of this motion.

WHEREFORE the Plaintiff, AKW, respectfully requests his Motion to Reopen Discovery on Remand be granted, and deadlines for such discovery and expert supplementation be set at the case management conference.

Respectfully submitted this the 16th day of January, 2012.

**A.K.W. , A MINOR, BY AND THROUGH HIS NATURAL GUARDIAN, SHERI STEWART, Plaintiff**

**/s/ Preston D. Goff**
**WILLIAM LEE GUICE III**
**Mississippi Bar No. 5059**
**R. SCOTT WELLS**
**Mississippi Bar No. 9456**
**PRESTON D. GOFF**
**Mississippi Bar No. 103318**
**RUSHING & GUICE, P.L.L.C.**
**Post Office Box 1925**
**Biloxi, MS 39533-1925**
**Telephone: 228-374-2313**
**Fax: 228-875-5987**
**bguice@rushingguice.com**
**swells@rushingguice.com**
**pgoff@rushingguice.com**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

This the 16th day of January, 2012.

>   **/s/ Preston D. Goff**
>   **PRESTON D. GOFF**
>   **Mississippi Bar No. 103318**
>   **RUSHING & GUICE, P.L.L.C.**
>   **Post Office Box 1925**
>   **Biloxi, MS 39533-1925**
>   **Telephone:   228-374-2313**
>   **Fax: 228-875-5987**
>   **pgoff@rushingguice.com**