IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| A.K.W., A MINOR, BY AND THROUGH HIS MOTHER, SHERI STEWART | **PLAINTIFF** |
| VS. | **CIVIL ACTION NO. 1:09cv703 HSO-JMR** |
| RIDDELL, INC. and ALL AMERICAN SPORTS CORPORATION | **DEFENDANTS** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY ON REMAND**

Riddell, Inc. and All American Sports Corporation (collectively "Defendants"), file this Response to Plaintiff's Motion to Reopen Discovery on Remand ("Motion"), and respectfully request that this Honorable Court deny Plaintiff's motion.

### I.  INTRODUCTION

Plaintiff filed her Complaint on September 11, 2009, in state court, almost three years after A.K.W.'s injury at football practice. After the case was removed, this Court entered a case management order that required Plaintiff's expert designations to be filed by June 20, 2010, and the completion of all discovery by October 1, 2010. On Plaintiff's motion, the Court granted her an extension to July 19, 2010, to file her expert designations and then extended the discovery deadline to October 22, 2010. Following a second motion for extension by Plaintiff, the Court again granted her an extension to file her expert designations to August 25, 2010, and further extended the discovery deadline to November 1, 2010.

After Plaintiff designated her experts and Defendants deposed them and discovery finally closed, Defendants filed a Motion to Exclude the Testimony and Opinions of Ali Engin ("Motion to Exclude") (Dkt. No. 106), Plaintiff's sole liability expert, as well as a Motion for Summary Judgment (Dkt. No. 104). Defendants' Motion for Summary Judgment incorporated and was based in part on the Motion to Exclude. Both motions were fully briefed by the parties and before the Court for ruling.

The parties attended the pretrial conference on March 11, 2011, at which time the Court set the jury trial to begin April 11, 2011. On March 23, 2011, the Court entered its Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment (Dkt. No. 130) and Final Judgment (Dkt. No. 131). In granting summary judgment, the Court did not need to reach the separate Motion to Exclude because it found other grounds sufficient for entry of summary judgment in Defendants' favor. Consequently, Defendants' Motion to Exclude was rendered moot along with those portions of Defendants' summary judgment motion based thereon. Following remand by the Fifth Circuit, Defendants appropriately were granted permission to renew their previously mooted Motion to Exclude and summary judgment arguments based thereon. (Dkt. No. 149). Notably, Defendants did not seek to conduct additional discovery and, accordingly, only sought to renew the motions based on the record before the Court.

Now, in the instant Motion, Plaintiff seeks to reopen discovery. (Dkt. No. 150). Plaintiff's Motion should be denied for at least three reasons.

First, extensive discovery was conducted during the discovery period including the deposition of plaintiff's sole liability expert, Ali Engin ("Engin"), and discovery has now been closed for more than fourteen months. The parties even attended the pretrial conference and met

to review trial exhibits. At the time the Court granted summary judgment, the case was ready for trial. The passage of time while the case was appealed is not reason for discovery to be reopened.

Second, the Court's allowing Defendants to renew their previously filed and briefed Motion to Exclude does not require additional discovery. Defendants do not intend to make new arguments in their renewed motion. Moreover, like Defendants' previously filed and briefed Motion to Exclude, Defendants' renewed motion will be based on Engin's lack of qualifications in the area in which he seeks to opine and the unreliability of his opinions. Accordingly, additional discovery and a new record are not needed for Plaintiff to respond and renew their opposition to those arguments. Indeed, Plaintiff responded previously to these arguments.

Third, neither the Internet articles Plaintiff cites, the development of a competitor's helmet design, nor new Riddell helmet models have any relevance to this case. Further, because the articles, the competitor's helmet, and Riddell's new helmet models were not in the public domain until well after A.K.W.'s injuries, Plaintiff's contention that she, at this juncture, needs to determine what information or testing Defendants may have is baffling.

In summary, although Plaintiff offers several explanations as to why discovery should be reopened, none have merit. It is clear that Plaintiff's true motive is to somehow try to fix or bolster Engin's fatally insufficient and unreliable opinions in the area of football helmet design. This, of course, ignores Engin's lack of qualifications on issues of helmet design. Engin, in fact, has previously been excluded by a federal court on such issues. Nonetheless, the time for such work in this case has long since passed, and Plaintiff's Motion should be denied.

## II.  ARGUMENT

Despite two previous extensions before discovery closed, Plaintiff now seeks to reopen discovery so that her sole liability expert, Engin, can do additional work and supplement his expert report in an obvious attempt to bolster or fix his opinions. Although Plaintiff's Motion cites several explanations why discovery should be reopened, none of them are meritorious. In fact, a close reading of Plaintiff's Motion makes the impetus for it clear: Plaintiff seeks to reopen discovery so that Engin can do additional work in an attempt to defeat Defendants' renewed Motion to Exclude. This should not be allowed.

Plaintiff's Motion states that Engin last supplemented his opinion on November 29, 2010, and he should be provided the opportunity to review and supplement his report before any challenges to it are considered. Yet Plaintiff does not state why the passage of time between November 2010 and the present entitles her to submit new expert opinions in the face of a Motion to Exclude. This is especially true since this case was on the eve of trial (following the close of discovery) when summary judgment was previously entered for other reasons. Additionally, Plaintiff's argument wholly ignores the fact that the Motion to Exclude already was fully briefed by both sides. Plaintiff had ample opportunity to respond to Defendants' Motion to Exclude and she did so. The fact that summary judgment was granted on other grounds and the case went through the appellate process does not provide justification for Plaintiff to submit new expert opinions or attempt to start anew. Notwithstanding the passage of time, the record requires Engin's exclusion based on his lack of qualifications and his unreliable opinions.

Plaintiff's Motion seems to indicate that Defendants' renewal of their Motion to Exclude somehow provides justification for her request to reopen discovery and supplement Engin's expert report. That notion is incorrect. Defendants did nothing more than request permission to

4

renew a motion that specifically was mooted when the Court granted summary judgment on other grounds.

Defendants have not sought to make new arguments and will not add new arguments in support of their Motion to Exclude. Defendants' arguments for Engin's exclusion are based both on his lack of qualifications and the unreliability of his opinions. While the Fifth Circuit's ruling as to other issues should be considered, Defendants do not intend to make new arguments that were not included in the original Motion to Exclude. In fact, Engin's qualifications to testify in this case and the arguments Defendants made regarding them are exactly as they were when the Motion to Exclude was originally filed. Further, the unreliability of Engin's opinions and his failure to do the necessary work to formulate reliable opinions have not changed since the Motion to Exclude was briefed.

Again, the motive behind Plaintiff's Motion is clear. Plaintiff is requesting additional discovery time and permission to supplement her expert report because she knows Engin is due to be excluded. To allow Plaintiff to do this fourteen months after the close of discovery (and after two previous expert deadline and discovery extensions) would render this Court's case management orders meaningless and unfairly prejudice Defendants.[1] Even if Engin was qualified on helmet design issues, Plaintiff and Engin had more than enough time to try to develop their alleged design defect prior to the close of discovery. Plaintiff should not be permitted now, in the face of a motion, with the benefit of Defendant's arguments, to try to salvage Engin.

Although very little explanation is given as to their relevance, Plaintiff cites two website articles regarding a newly designed helmet partially developed at the University of Southern

---

[1] Specifically, Plaintiff should not be allowed to reopen discovery in the face of a motion to exclude so she can attempt to remedy the deficiencies already pointed out in the motion papers as to Engin's opinions.

5

Mississippi ("USM") and a recent helmet study in support of her motion. These arguments are puzzling since neither of the articles have any relevance to this case. The first article Plaintiff cites is from USM's website and explains the role of USM professors in the development of foam used in a helmet developed by Rawlings. However, Rawlings did not begin producing the helmet until the spring of 2010, and it was not launched nationwide until 2011. The second article is from Fox Sports Ohio and discusses a study done by the Cleveland Clinic comparing modern football helmets to the leather helmets worn in the 1900s. The study was first published in November 2011. The conclusion of that particular study is that modern helmets do not substantially outperform leather helmets on some types of impact testing. Interestingly, the study included the helmet Engin touts as his preferred alternative design but made no performance distinctions between that helmet and Riddell helmets.

Plaintiff next argues that discovery should be reopened so she can discern what information Defendants may have had regarding the articles. A.K.W. was injured in 2006 and discovery closed in November 2010. The football helmet USM helped develop was launched nationwide in 2011, and the Cleveland Clinic study was published in November 2011. Thus both the USM article and the Cleveland Clinic study were not available until five years after A.K.W.'s injuries and after the close of discovery. How Plaintiff thinks Defendants had knowledge of either article during a time period that is relevant to this case is difficult to understand.[2]

Finally, Plaintiff's Motion states that Defendants appear to have changed their helmet design and that reopening discovery is necessary so she can obtain testing data on this change.

---

[2] Mississippi Code Annotated § 11-1-63 makes clear that the relevant time period in a products liability case is when the product leaves the manufacturer's hands. "The manufacturer or seller of the product shall not be liable if the claimant does not prove by a preponderance of the evidence that at the time the product left the control of the manufacturer or seller . . . ." Miss. Code Ann. § 11-1-63.

6

Plaintiff is incorrect. As a threshold matter, Plaintiff seems to assume that Defendants have a single helmet design. Notwithstanding Plaintiff's assumption, Defendants have numerous helmet models on the market. However, there has not been a design change to any one of the helmets A.K.W. could have worn on the day of his injury.[3] In 2009, Riddell, Inc. did introduce the Riddell Revolution Speed helmet. This was not a change in design to the Revolution helmet but rather a new helmet model placed on the market. The original Revolution helmet remains on the market. Additionally, in 2011, Riddell introduced the Riddell 360. Like the Revolution Speed, the Riddell 360 is a new helmet offering, not a redesign of the Revolution. The Revolution remains on the market and in use across the country.

However, even discounting Plaintiff's incorrect assumption, the testing data to which Plaintiff refers is not relevant to this case. Both of the new Riddell helmet models were launched after A.K.W.'s injury and after this case was filed. Further, the Revolution Speed was on the market before discovery closed. If Plaintiff wanted information regarding that helmet, she could have simply asked for it within the discovery deadline established the Court. To be sure, Plaintiff even deposed Defendants. But, the reason she did not previously request that information is because that information was (and is) patently irrelevant since that helmet is not among the helmets A.K.W. could have been wearing on the day of his injury. Such remains the case today.

A brief look at the articles Plaintiff cited, her incorrect assumption regarding a helmet redesign, and their manifest irrelevance to this case again reveals her motive in presenting them: Plaintiff is attempting to use them as justification to reopen discovery so that Engin may have

---

[3] There are four different Riddell helmet model types that he could have worn by A.K.W. and all have different designs and perform differently.

7

additional time to attempt to save Engin through additional work and a supplemental expert report. Plaintiff's back door attempt to defeat Defendants' Motion to Exclude should be denied.

### III.  CONCLUSION

Plaintiff's Motion should be denied. Plaintiff had ample opportunity to conduct discovery within the original deadline established by the Court and the multiple extensions she was granted. Plaintiff's request to reopen discovery is not intended to allow her to discover relevant information but rather to allow Engin additional time to attempt to offer reliable opinions and supplement his expert report. Even if Engin was qualified to opine on helmet design (and he is not), the time for Engin to do such work was during the discovery period put in place by this Court. Plaintiff's Motion is merely an attempt to circumvent the expert and discovery deadlines established and twice extended by this Court in an effort to redo her case. Consequently, Plaintiff's motion should be denied.

For all of the foregoing reasons, Defendants respectfully request that Plaintiff's Motion to Reopen Discovery on Remand be denied.

Respectfully submitted, this 27th day of January 2012.

/s/  Timothy L. Sensing
Michael W. Ulmer MSB # 5760
James J. Crongeyer, Jr. MSB # 10536
Timothy L. Sensing, MSB # 102575
WATKINS & EAGER PLLC
P.O. Box 650
Jackson, Mississippi 39205
Telephone: (601) 965-1900
Fax:  (601)965-1901
mulmer@watkinseager.com
jcrongeyer@watkinseager.com
tsensing@watkinseager.com

**ATTORNEYS FOR DEFENDANTS**

**RIDDELL, INC. and ALL AMERICAN SPORTS CORPORATION**

**CERTIFICATE OF SERVICE**

I, Timothy L. Sensing, do hereby certify that I have this day served by ECF electronic filing, a true and correct copy of the foregoing to the following:

William Lee Guice, III
R. Scott Wells
Preston Duncan Goff
Rushing & Guice, P.L.L.C.
P.O. Box 1925
Biloxi, Mississippi 38533

Dated this 27th day of January 2012.

                                              /s/ Timothy L. Sensing
                                              TIMOTHY L. SENSING

Michael W. Ulmer MSB # 5760
James J. Crongeyer, Jr. MSB # 10536
Timothy L. Sensing, MSB # 102575
WATKINS & EAGER PLLC
P.O. Box 650
Jackson, Mississippi 39205
Telephone: (601) 965-1900
Fax: (601)965-1901
mulmer@watkinseager.com
jcrongeyer@watkinseager.com
tsensing@watkinseager.com

9