**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **A.K.W., A MINOR, BY AND THROUGH HIS MOTHER, SHERI STEWART** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 1:09cv703HSO-JMR** |
| **RIDDELL, INC. and ALL AMERICAN SPORTS CORPORATION** | **DEFENDANTS** |

**DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's order (Dkt. No. 149), Riddell, Inc. ("Riddell") and All American Sports Corporation (collectively "Defendants") respectfully submit this Memorandum Brief in Support of their Renewed Motion for Summary Judgment.

## I.   INTRODUCTION

In the present action, Plaintiff alleges that Riddell defectively designed a football helmet worn by A.K.W. when he was injured at football practice in 2006. In support of these claims, Plaintiff has designated Ali Engin ("Engin") as an expert in helmet design. Defendants have filed a motion to exclude his testimony at trial. If the Court grants that motion, Plaintiff cannot prove the helmet was defectively designed or establish causation, and summary judgment is therefore appropriate for Defendants.

## II.   FACTUAL BACKGROUND

A.K.W. played ninth grade football at George County High School ("School"). On September 13, 2006, after the conclusion of an intra-team scrimmage, he ran wind sprints with

the team for approximately ten minutes and subsequently joined the team and coaches for a closing prayer. (Ex. A at 62-63)[1]. A.K.W. collapsed on the field almost immediately following the prayer. *Id.* He was taken to the University of South Alabama Medical Center for treatment where he was diagnosed with a dissection of the intracranial, internal carotid artery and a resulting stroke. (Ex. B).

Plaintiff filed her Complaint on September 11, 2009. Plaintiff claimed that the football helmet A.K.W. was wearing pressed against his neck causing a dissection of his [external] carotid artery. However, Plaintiff never pursued this theory. Instead, Plaintiff (through Engin) alleged that the helmet's padding was defectively designed and insufficient to attenuate enough of the energy created when A.K.W. attempted to make a tackle and his head hit the ground. As a result of this alleged design defect in the helmet, Plaintiff claims, A.K.W. suffered a basilar skull fracture, a gash on the back of his head, and a dissection of his intracranial, internal carotid artery. After the absence of any evidence of a gash or basilar skull fracture was revealed through discovery and pointed out to Engin, he attempted to qualify and alter his opinions substantially during his deposition. Plaintiff's current theory seemingly is that the design of helmet A.K.W. was wearing did not protect his head sufficiently to prevent the dissection of his internal carotid artery.

### III. APPLICABLE STANDARD

Under Rule 56(c)(2) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as matter of law." The United States Supreme Court has held that the language of Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon

---

[1] All Exhibits herein refer to the exhibits filed with Defendants' Renewed Motion for Summary Judgment.

motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Plaintiff has the burden of proving each element of her claims. Without proving a product defect, Plaintiff is not entitled to recovery and summary judgment is appropriate for Riddell. Miss. Code Ann. § 11-1-63 (Supp. 2008). *See Moss v. Batesville Casket Co.*, 935 So. 2d 393, 404 (Miss. 2006); *Clark v. Brass Eagle Inc.*, 866 So. 2d 456, 460-61 (Miss. 2004); *Hammond v. Coleman Co.*, 61 F. Supp. 2d 533, 542 (S.D. Miss. 1999); and *Coleman v. Danek Med., Inc.*, 43 F. Supp. 2d 637, 648 (S.D. Miss. 1999) ("The absence of proof of a product defect is alone a sufficient basis for entry of summary judgment.").

### IV.   ARGUMENT

**Engin's Testimony Must Be Excluded, and Without Expert Testimony Concerning Product Defect or Causation, Plaintiff's Claims Fail As a Matter of Law.**

Expert testimony is required in certain cases because the determination of defect requires specialized knowledge, skill, or training outside the common knowledge of jurors. "Mere proof of damage following the use of a product is not sufficient to establish liability." *Coleman*, 43 F. Supp. 2d at 646; *see also Farris v. Coleman Co., Inc.*, 121 F. Supp. 2d 1014, 1018 (N.D. Miss. 2000).

In the present case, specialized knowledge is unquestionably needed to help the jury determine whether any defects exist in the Riddell Revolution football helmet, and whether those purported defects were the cause of A.K.W.'s injuries. The intricacies of football helmet design and whether a particular design is defective are outside the scope of a lay jury. It is not enough to merely allege that Defendants' helmets are defective without providing a basis for these allegations from well-established scientific or engineering principles that would support and

3

explain how the alleged defect was the cause of injuries.  Plaintiff cannot support her claims at trial without expert testimony.

Engin is Plaintiff's sole purported expert designated to offer opinions regarding helmet design.  Should this Court grant the motion to exclude the testimony and opinions of Engin, Plaintiff cannot recover on her claims as a matter of law, and summary judgment is appropriate pursuant to well-established Mississippi law. *See Watkins v. Telsmith,* 121 F.3d 984, 993 (5th Cir. 1997) (upholding summary judgment in a Mississippi product liability case where the district court properly excluded plaintiff's liability expert under *Daubert*).  See also *Hammond*, 61 F. Supp. 2d at 542 (court explained that without expert testimony establishing the defective condition of a product, the plaintiff could not support a products liability claim); *Cuevas v. E.I. DuPont DeNemours & Co.*, 956 F. Supp. 1306, 1312-13 (S.D. Miss. 1997) (court found that, under *Daubert*, plaintiff's expert's opinions on defect and causation were inadmissible, and, therefore, granted summary judgment because the plaintiff could not satisfy burden of proof); *Bernhardt v. Richardson-Merrell, Inc.,* 723 F. Supp. 1188, 1192 (N. D. Miss. 1988) (granting summary judgment where plaintiffs failed to show an adequate factual basis that supported their experts' conclusions and, consequently, the plaintiffs failed to present proof essential to their case); *Moss v. Batesville Casket Co., Inc.*, 935 So. 2d 393, 404 (Miss. 2006) (holding that because the plaintiffs failed to present an expert to demonstrate that there was a defect in the design or manufacture of the casket, summary judgment was proper);  *Rudd v. Montgomery Elevator Co.,* 618 So. 2d 68, 72-73 (Miss. 1993) (expert testimony must be presented to prove negligence), *Wyeth Laboratories, Inc. v. Fortenberry,* 530 So. 2d 688, 692 (Miss. 1988) (court recognizes the need for expert testimony in order for plaintiff to prove a warnings claim in a products liability action); *Hickox v. Holleman,* 502 So. 2d 626, 635 (Miss. 1987) (an expert's testimony is required when issue requires special knowledge, skill, training or experience).

## V. CONCLUSION

In summary, Plaintiff's claims cannot withstand summary judgment. Because Engin should be precluded from testifying at trial based on the pending *Daubert* motion, Plaintiff does not have the necessary expert testimony to support her claims.

For these reasons, Defendants respectfully request that this Court grant their motion for summary judgment as to all of Plaintiff's claims and dismiss this action in its entirety with prejudice.

Respectfully submitted, this the 10th day of February 2012.

/s/  Timothy L. Sensing
Michael W. Ulmer MSB # 5760
James J. Crongeyer, Jr. MSB # 10536
Timothy L. Sensing, MSB # 102575
WATKINS & EAGER PLLC
P.O. Box 650
Jackson, Mississippi 39205
Telephone: (601) 965-1900
Fax:  (601)965-1901
mulmer@watkinseager.com
jcrongeyer@watkinseager.com
tsensing@watkinseager.com

**ATTORNEYS FOR DEFENDANTS**

**RIDDELL, INC. and ALL AMERICAN SPORTS CORPORATION**

**CERTIFICATE OF SERVICE**

  I, Timothy L. Sensing, do hereby certify that I have this day served by ECF electronic filing, a true and correct copy of the foregoing to the following:

  R. Scott Wells
  Rushing & Guice, P.L.L.C.
  P.O. Box 1925
  Biloxi, Mississippi 38533

  Dated this the 10th day of February 2012.

                /s/ Timothy L. Sensing __
               TIMOTHY L. SENSING

Michael W. Ulmer MSB # 5760
James J. Crongeyer, Jr. MSB # 10536
Timothy L. Sensing, MSB # 102575
WATKINS & EAGER PLLC
P.O. Box 650
Jackson, Mississippi 39205
Telephone: (601) 965-1900
Fax:  (601)965-1901
mulmer@watkinseager.com
jcrongeyer@watkinseager.com
tsensing@watkinseager.com