**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**A.K.W., a minor, by and
through his mother,
Sheri Stewart**                                                                    **PLAINTIFF**

**V.**                                                       **Civil No. 1:09CV703-HSO-JMR**

**RIDDELL, INC. and
ALL AMERICAN SPORTS CORP.**                                      **DEFENDANTS**

<u>**ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE***
**TO EXCLUDE REFERENCE OR EVIDENCE OF ASSISTED LIVING**
**OR COSTS ASSOCIATED WITH ASSISTED LIVING**</u>

BEFORE THE COURT is a Motion *in Limine* [179] filed on September 4, 2012, by

Defendants Riddell, Inc., and All American Sports Corp. ("Riddell").  Plaintiff A.K.W., a

minor, by and through his mother, Sheri Stewart, has filed a Response [181].  After careful

consideration of the parties' submissions, the record, and the relevant legal authorities, the

Court finds that Riddell's Motion [179] should be granted.

Riddell's Motion seeks the exclusion of references to or evidence of A.K.W.'s alleged

need for assisted living, and the costs associated with such care, at the trial of this matter.

Riddell's Mot. in Limine [179] at p. 1.  Riddell argues that none of Plaintiff's expert

witnesses addressed A.K.W.'s alleged need for assisted living or opined as to the costs of

such care in their reports.  *Id.*  Plaintiff concedes that her experts did not address, nor did

they assert an opinion in their reports regarding, A.K.W.'s need for assisted living or the

costs associated with such care.  Pl.'s Resp. [181] at p. 1.  She maintains, however, that

"testimony will be presented identifying A.K.W.'s limitations due to his disabilities, and

evidence and testimony regarding the consequences of having such limitations should not be

prohibited.  Such consequences may reasonably include a need for assistance."  *Id.* at p. 2.

"Under Mississippi law, the general rule is that where it is established that future consequences from an injury to a person will ensue, recovery therefor may be had, but such future consequences must be established in terms of reasonable probabilities." *Eiland v. Westinghouse Elec. Corp.,* 58 F.3d 176, 181-82 (5th Cir. 1995); *see Flight Line, Inc. v. Tanksley,* 608 So. 2d 1149, 1164 (Miss. 1992)("[T]o be recoverable, damages must be shown with reasonable certainty and not left to speculation and conjecture."). "In all but the simple and routine cases . . ., it is necessary to establish medical causation by expert testimony." *Cole v. Superior Coach Corp.,* 106 So. 2d 71, 72 (Miss. 1958).

In a recent case, *Bailey Lumber & Supply Co. v. Robinson,* No. 2011-CA-00054-SCT, — So. 3d —, 2012 WL 3212593 (Miss. 2012), the Mississippi Supreme Court held that the trial court erred by allowing an expert to testify about future medical treatment and expenses, where defense counsel had not been provided the substance of the expert's facts and opinions on that subject prior to trial. *Id.* at *10.  In *City of Jackson v. Spann,* 4 So. 3d 1029 (Miss. 2009), the Court similarly reversed an award for future medical expenses, future surgery, and future disability where there was no substantial, credible expert testimony to support it. *Id.* at 1039; *see also Kidd v. McRae's Stores P'ship,* 951 So. 2d 622, 627 (Miss. Ct. App. 2007)(testimony regarding future surgeries properly excluded where expert did not express opinion to a degree of medical certainty); *Drumright v. Drumright,* 812 So. 2d 1021, 1031 (Miss. Ct. App. 2001)(future medical expense award reversed where there was no expert medical testimony that the plaintiff was likely to incur future medical expenses).

Based on the foregoing authorities, the Court concludes that in the absence of any expert testimony, Plaintiff should be prohibited from introducing, mentioning, submitting evidence, or eliciting testimony regarding A.K.W.'s alleged need for assisted living and the

costs associated with such care.  These subjects are beyond the scope of a layman's common knowledge and must be established through expert testimony.  Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert witness's report contain "a complete statement of all opinions the witness will express and the basis and reasons for them."  Plaintiff's experts did not address, or assert an opinion regarding, A.K.W.'s need for assisted living or the costs associated with such care in their reports.  Plaintiff is therefore precluded from referencing or offering evidence regarding A.K.W.'s alleged need for assisted living, and the costs of such care, at trial.

  **IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Motion *in Limine* [179], filed on September 4, 2012, by Riddell, Inc., and All American Sports Corp., to Exclude Reference or Evidence of Assisted Living or Costs Associated with Assisted Living, is **GRANTED.**

  **SO ORDERED AND ADJUDGED,** this the 17th day of September, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE