IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

A.K.W., a minor, by and
through his mother,
Sheri Stewart                                                                    PLAINTIFF

V.                                                    Civil No. 1:09CV703-HSO-JMR

RIDDELL, INC. and
ALL AMERICAN SPORTS CORP.                                          DEFENDANTS

### ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING OTHER INCIDENTS, CLAIMS, AND LAWSUITS

BEFORE THE COURT is a Motion *in Limine* [178] to Exclude Evidence Regarding Other Incidents, Claims, and Lawsuits, filed on September 4, 2012, by Defendants Riddell, Inc., and All American Sports Corporation ("Riddell"). Plaintiff A.K.W., a minor, by and through his mother, Sheri Stewart, has filed a Response [183]. After careful consideration of the parties' submissions, the record, and the relevant legal authorities, the Court finds that Riddell's Motion [178] should be denied without prejudice as premature.

Riddell's Motion seeks the exclusion of evidence at trial regarding other incidents, claims, and lawsuits, involving Riddell helmets. Mot. in Limine [178] at pp. 1-2. Riddell references no specific incidents, claims, or lawsuits that it claims should be excluded, but instead seeks a global order excluding such evidence. *Id.* It argues that such evidence should not be permitted, because Plaintiff cannot show that other incidents, claims, and lawsuits are substantially similar or reasonably similar to the one at issue in this case. Mem. in Supp. of Mot. in Limine [180] at pp.

2-4.[1]  It asserts that such evidence is inadmissable hearsay, and that it will confuse the jury, cause unreasonable delay, and unfairly prejudice Riddell.  *Id.* at pp. 4-6.

In response to Riddell's Motion, Plaintiff acknowledges that she must lay a proper foundation before presenting testimony or evidence regarding other incidents, claims, or lawsuits.  Pl.'s Resp. [183] at p. 1.  She argues that since Riddell's expert and Rule 30(b)(6) designee, Thad Ide, testified that he was not aware of any other lawsuits or incidents involving injuries similar to A.K.W.'s, she should be allowed to cross-examine Mr. Ide regarding his testimony.  *Id.*

The Court finds that Riddell's Motion is premature.  The Court cannot determine whether evidence regarding other incidents, claims, or lawsuits is admissible when no incidents, claims, or lawsuits have been identified or submitted for the Court's consideration.  In the event Plaintiff attempts to elicit such testimony or evidence at trial, she must first do so outside the presence of the jury in order to satisfy the Court that a proper foundation exists for admissibility of such evidence.  Riddell may renew any objection at that time.

---

[1]"Evidence of similar accidents occurring under substantially similar circumstances involving substantially similar components may be probative of design defect."  *Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1082 (5th Cir. 1986).  The substantial similarity requirement is relaxed to "reasonable similarity" when evidence of other incidents, claims, and lawsuits is offered to show a defendant's notice of a defect.  *Johnson v. Ford Motor Co.,* 988 F.2d 573, 579 (5th Cir. 1993).

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Motion *in Limine* [178], filed on September 4, 2012, by Riddell, Inc., and All American Sports Corporation, to Exclude Evidence Regarding Other Incidents, Claims, and Lawsuits, is **DENIED WITHOUT PREJUDICE.** Before any such evidence will be admitted, a hearing outside the presence of the jury will be held to determine its admissibility.

**SO ORDERED AND ADJUDGED,** this the 1st day of October, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE